## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | |
|---|---|
| JEAN PAGE, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **Case No.:** |
| | ) |
| PORTFOLIO RECOVERY ASSOCIATES, | ) **COMPLAINT AND DEMAND FOR** |
| LLC, | ) **JURY TRIAL** |
| | ) |
| Defendant. | ) **(Unlawful Debt Collection Practices)** |
| | ) |
| | ) |

## COMPLAINT

JEAN PAGE ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against PORTFOLIO RECOVERY ASSOCIATES, LLC. ("Defendant"):

## INTRODUCTION

1.     Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA.")

## JURISDICTION AND VENUE

2.     Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3.     Defendant    maintains    its    headquarters    and    conducts    business    in    the

1

PLAINTIFF'S COMPLAINT

Commonwealth of Virginia, and as such, personal jurisdiction is established.

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).


## PARTIES

5.      Plaintiff is a natural person that resides in Silver Springs, Maryland.

6.      Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7.      Defendant is a debt collection company with its corporate headquarters located at 120 Corporate Boulevard, Norfolk, Virginia 23502.

8.      Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and has contacted Plaintiff in an attempt to collect a debt.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.


## FACTUAL ALLEGATIONS

10.     At all relevant times, Defendant was attempting to collect an alleged consumer debt from Plaintiff.

11.     As Plaintiff has no business accounts in default, the debt sought by Defendant could only have been personal in nature.

12.     Between March and May 2012, Defendant's collectors placed repeated harassing debt collection calls to Plaintiff's home and work telephone numbers in order to collect the alleged debt.

13.     Defendant's harassing calls originated from numbers including, but not limited to (702) 410-7489.  This number belonged to Defendant when calls were made, however the phone

PLAINTIFF'S COMPLAINT

number may have had restrictions placed on it which prevents any incoming calls as attempts to call back prior to filing suit give rise to this conclusion.

14.     Defendant called Plaintiff, on average, more than ten times in a given week.

15.     At times, Defendant called Plaintiff more than four times in a single day.

16.     Defendant often placed these calls to Plaintiff's residential line at inconvenient times, including after 9:00pm in the evening and on Saturday mornings around 7:00am.

17.     Upon information and belief, Defendant used a pre-recorded or artificial voice to initiate these calls to Plaintiff's residential line.

18.     Plaintiff did not expressly consent to Defendant's placement of telephone calls to her residential telephone by the use of a pre-recorded or artificial voice prior to Defendant's placement of the calls.

19.     Defendant's telephone calls to Plaintiff's residential line were not placed for "emergency purposes," as specified in 47 U.S.C. §227(b)(1)(A).

20.     Plaintiff also advised Defendant that she could not receive personal calls at her place of employment.

21.     Despite knowing Plaintiff could not receive personal calls at work, Defendant continued to call Plaintiff at her work telephone number.

22.     As Defendant was on notice Plaintiff could not receive personal calls at work, Defendant's continued calls could only have been for the purpose of harassing Plaintiff.

23.     In fact, Defendant told Plaintiff that it could call her "anywhere they wanted" and that the calls would continue until the debt was paid.

24.     Plaintiff's supervisor was standing next to her during one of these unwanted calls with Defendant.

PLAINTIFF'S COMPLAINT

25.      Plaintiff's supervisor told her that Defendant's calls must stop and gave Plaintiff a warning about excessive personal calls from Defendant.

26.      Defendant's continued calls have caused Plaintiff to fear for her job, and she is fearful that she will receive another warning from her supervisor.

27.      Further, Defendant never sent anything in writing to Plaintiff setting forth her rights pursuant to the FDCPA to dispute the alleged debt and/or seek verification of the debt.

28.      Upon information and belief, Defendant's actions as described herein were taken with the intent to harass Plaintiff, and coerce payment from her.

**COUNT I**
**DEFENDANT VIOLATED § 1692c(a)(1) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

29.      Section 1692c(a)(3) of the FDCPA states that a debt collector may not communicate with a consumer at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antimeridian and before 9 o'clock postmeridian, local time at the consumer's location.

30.      Defendant violated section 1692c(a)(1) of the FDCPA when it contacted Plaintiff before 8:00am and after 9:00pm.

**COUNT II**
**DEFENDANT VIOLATED § 1692c(a)(3) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

PLAINTIFF'S COMPLAINT

31.     Section 1692c(a)(3) of the FDCPA states that a debt collector may not communicate with a consumer in connection with the collection of a debt at the consumer's place of employment if the debt collector knows or has reason to know that such communication is prohibited.

32.     Defendant violated section 1692c(a)(3) of the FDCPA when it contacted Plaintiff continually on her work phone despite the fact that Plaintiff told it she could not receive its calls at work.

## COUNT III
## DEFENDANT VIOLATED § 1692d OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

33.     Section 1692d of the FDCPA prohibits debt collectors from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of an alleged debt.

34.     Defendant violated § 1692d of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after Plaintiff instructed it to stop calling, when it called Plaintiff at work even after she instructed Defendant that she could not receive calls at work, when it told Plaintiff that it could call her "anywhere they wanted" and would continue to call her at work until paid, and when it engaged in other harassing conduct.

## COUNT IV
## DEFENDANT VIOLATED § 1692d(5) OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

35.     Section 1692d(5) of the FDCPA prohibits debt collectors from causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously

PLAINTIFF'S COMPLAINT

with the intent to annoy, abuse or harass any person at the called number.

36.     Defendant violated § 1692d(5) of the FDCPA when it caused Plaintiff's telephone to ring repeatedly and continuously with the intent to harass or annoy Plaintiff.

**COUNT V**
**DEFENDANT VIOLATED § 1692f OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

44.     Section 1692f of the FDCPA prohibits debt collectors from using unfair or unconscionable means to collect or attempt to collect a debt.

45.     Defendant violated section 1692f of the FDCPA when it called Plaintiff repeatedly and continuously, when it continued to call Plaintiff even after Plaintiff instructed it to stop calling, when it called Plaintiff at work even after she instructed Defendant that she could not receive calls at work, when it told Plaintiff that it could call her "anywhere they wanted" and would continue to call her at work until paid, and when it engaged in other harassing conduct.

**COUNT VI**
**DEFENDANT VIOLATED § 1692g(a) OF THE**
**FAIR DEBT COLLECTION PRACTICES ACT**

46.     Section 1692g(a) of the FDCPA states that within five days after the initial communication with the consumer in connection with the collection of a debt, the collector will send the consumer a written notice regarding the debt, including the amount of the debt, the name of the creditor of the debt, how to obtain verification of the debt, and how to dispute the debt, among other things.

47.     Defendant violated § 1692g(a) of the FDCPA when it failed to send the Plaintiff anything in writing in regards to this alleged debts setting forth her rights pursuant to the

6

1    FDCPA.

2

3

4                                **COUNT VII**
5                        **DEFENDANT VIOLATED THE**
                  **TELEPHONE CONSUMER PROTECTION ACT**
6
7          48.     Section 227(b)(3)(A) of the TCPA authorizes a private cause of action for a
8    person or entity to bring in an appropriate court of that state "an action based on a violation of
9    this subsection or the regulations prescribed under this subsection to enjoin such violation."

10         49.     Section 227(b)(3)(B), of the Act authorizes a private cause of action for a person
11   or entity to bring in an appropriate court of that state "an action to recover for actual monetary
12   loss from such a violation, or to receive $500 in damages for each such violation, whichever is
13   greater."

14         50.     Despite the fact that Plaintiff never consented to Defendant making calls to her
15   residential telephone, Defendant repeatedly placed non-emergency calls to Plaintiff's telephone
16   without Plaintiff's consent.

17         51.     The Act also authorizes the Court, in its discretion, to award up to three (3) times
18   the actual damages sustained for violations.

19         52.     Here, upon information and belief, Defendant repeatedly and regularly placed
20   non-emergency, automated calls to Plaintiff's residential telephone, using a pre-recorded or
21   artificial voice in violation of 47 U.S.C. Section 227(b)(1)(B).
22
23         53.     Defendant called Plaintiff on her telephone dozens of times.

24         54.     Defendant did not have Plaintiff's express consent prior to contacting her on her
25   residential telephone using an automatic telephone dialing system or pre-recorded or artificial

PLAINTIFF'S COMPLAINT

voice.

55.     Defendant's conduct violated §227(b)(1)(A)(iii) of the TCPA by making any call using any automatic telephone dialing system or an artificial prerecorded voice to a telephone number assigned to a residential telephone service.


WHEREFORE, Plaintiff, JEAN PAGE, respectfully prays for a judgment as follows:

    a.   All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b.   Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c.   All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d.   Statutory damages of $500.00 for each violation of the TCPA, pursuant to 47 U.S.C. §227(c)(5)(B); and

    e.   Any other relief deemed appropriate by this Honorable Court.


**<u>DEMAND FOR JURY TRIAL</u>**

PLEASE TAKE NOTICE that Plaintiff, JEAN PAGE, demands a jury trial in this case.


DATED:  03/08/13         By: /s/ Amy L. Bennecoff
                           Amy L. Bennecoff
                           Kimmel & Silverman, P.C
                           Bar ID No. 29950
                           30 East Butler Pike
                           Ambler, PA 19002
                           Telephone: (215) 540-8888
                           Facsimile (215) 540-8817
                           Email: abennecoff@creditlaw.com
                           Attorney for Plaintiff

PLAINTIFF'S COMPLAINT